UNITED STATES *v.* BENSON MANUFACTURING CORP. AND J. J. GAVIN & Co. (No. 3367)[1]

United States Court of Customs and Patent Appeals, January 28, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein* and *Ralph Folks*, special attorneys, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellees.

[Oral argument December 11, 1930, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the United States Customs Court, involving certain wool fez caps imported at the port of New York. They were classified and assessed for duty by the collector under paragraph 1114, Tariff Act of 1922, as knit-wool wearing apparel at 40 cents per pound and 45 per centum ad valorem, the same being valued at more than $1 and not more than $2 per pound.

---

[1] T. D. 44640.

The importers, the appellees here, filed protests claiming the merchandise to be properly dutiable under paragraph 1115 of said tariff act at 24 cents per pound and 40 per centum ad valorem. Certain other claims were made in the protests, but the claim above noted is the one relied upon here.

The two paragraphs involved read as follows:

PAR. 1114. Knit fabrics in the piece, wholly or in chief value of wool, valued at not more than $1 per pound, 30 cents per pound and 40 per centum ad valorem; valued at more than $1 per pound, 45 cents per pound and 50 per centum ad valorem.

\* \* \* \* \* \* \*

Knit underwear, finished or unfinished, wholly or in chief value of wool, valued at more than $1.75 per pound, 45 cents per pound and 50 per centum ad valorem.

Outer wear and other articles, knit or crocheted, finished or unfinished, wholly or in chief value of wool, and not specially provided for, valued at not more than $1 per pound, 36 cents per pound and 40 per centum ad valorem; valued at more than $1 and not more than $2 per pound, 40 cents per pound and 45 per centum ad valorem; valued at more than $2 per pound, 45 cents per pound and 50 per centum ad valorem.

Par. 1115. Clothing and articles of wearing apparel of every description, not knit or crocheted, manufactured wholly or in part, composed wholly or in chief value of wool, valued at not more than $2 per pound, 24 cents per pound and 40 per centum ad valorem; valued at more than $2 but not more than $4 per pound, 30 cents per pound and 45 per centum ad valorem; valued at more than $4 per pound, 45 cents per pound and 50 per centum ad valorem.

The court below sustained the claims in the protests for classification at 24 cents per pound and 40 per centum ad valorem under said paragraph 1115 and entered judgment accordingly. From this judgment the Government takes this appeal.

There is but one question involved, and that is whether the lower court erred in holding that the merchandise here in issue was not "knit" within the meaning of that word as used in said paragraph 1114, and that it was "not knit" within the meaning of those words as used in paragraph 1115.

A sample of the merchandise as imported was introduced in evidence, as were also samples of the material and parts of the finished article utilized in the process of its manufacture. We have had the benefit of an examination of these samples.

The only testimony in the case introduced by appellees is in the form of a deposition of Rudolph Liewald, the manager of the manufacturer of the article involved, taken in Czechoslovakia, in which country the merchandise was manufactured. He described the process of manufacture as follows:

A loose, untwisted preparation yarn of sheep's wool is made; this preparation yarn is manipulated for the upbuilding of shape and size of the fez. This raw material is then napped for the felting. The felting process goes on with the adding of 50 to 60 per centum of short, loose sheep's wool. The further processes are finishing and dyeing according to the character of this special fez brand.

The witness declined to particularize further upon the ground that the particular manufacturing process was secret.

The sample before us of the article as imported is marked "Exhibit 2." Sample C appears to be in the form of a bag or sack, which it is admitted in the record is in fact knitted. A Government witness, Mr. McConnell, the examiner who passed upon the merchandise, testified that Exhibit C was used as a basis for making the finished article as imported, Exhibit 2; that upon both the outside and inside of Exhibit C wool has been felted on, and the article is then shrunk down to the size of Exhibit 2.

We quote the following from the decision of the lower court:

* * * The imported merchandise is plainly a felted article. It is also clear that Exhibit C from which it is partly made is knitted to get the yarn into proper shape for making the fez. It is contended by the Government that this makes the imported article a knitted article within the meaning of paragraph 1114.

It seems plain to us, however, that when Congress spoke of knitted articles in paragraph 1114 it meant articles in the knitted form as imported, and not articles, like the one before us, where some of the yarn used was knitted to put it in shape to properly commence the process of making the fez. We therefore have no hesitation in holding that the article, the classification of which is in question, is not knitted within the meaning of paragraph 1114 in the condition in which it is imported.

In view of the meager testimony, we must rely in the main upon our inspection of the samples in evidence in coming to a determination in this case, as the lower court evidently did.

We can not agree with the contention of the assistant attorney general that paragraph 1114 includes all articles which are knit in whole or in part, and that paragraph 1115 excludes all articles which are knit in whole or in part. There is no language in either paragraph warranting the construction claimed by the Government. Neither can we agree with the contention of appellees' counsel that in order for merchandise to be included in paragraph 1114 it must be wholly knit and that if there be manufacturing processes utilized in addition to knitting, the article is excluded from said paragraph.

We think that the determination of whether an article is "knit" within the meaning of paragraph 1114 or "not knit" within the meaning of paragraph 1115 must depend upon the facts in each particular case. To illustrate, a sweater wholly knit except for a small band of woven fabric would, we think, be classified as a knitted article; but a coat of woven wool having a narrow knitted band down a portion of the back would, we think, be classified as "clothing * * * not knit." However this may be, we think the conclusion of the lower court was correct in holding the merchandise here involved to be not knitted, and classifying it under paragraph 1115. The sample

before us has the appearance of felt; it feels to the touch like felt, and it lacks that ordinary characteristic of knitted outer wear, viz, capability of stretching and adjusting itself, by reason of being knitted, to the form of the wearer.

While it is true that the foundation or base of the article was a knitted fabric or article, the manufacturing processes and additional wool applied to it caused it to lose its characteristics as a knitted article and the final product was, we think, an article not knitted.

The judgment of the Customs Court is *affirmed*.